## GOULD v. GREGORY.

TRIAL—CROSS-EXAMINATION—PREJUDICIAL ERROR.
  Though the cross-examination of a witness will ordinarily be left to the discretion of the trial judge, where improper cross-examination is allowed to such an extent as to be clearly prejudicial it is ground for reversal, even in a civil case.

Error to Van Buren; Carr, J. Submitted April 18, 1901. Decided May 7, 1901.

Case by Rhett Gould against Albert E. Gregory for the malicious prosecution of plaintiff on a charge of statutory burglary. From a judgment for plaintiff, defendant brings error. Reversed.

On the cross-examination of defendant, the court permitted the following questions:

"You were sued last summer for a millinery bill, weren't you?

"You have had several hired men sue you for wages, haven't you?

"Do you remember anything about a little trouble that you had regarding five sheep that you took up from the highway and put in among your sheep, and settled for it afterwards?

"Do you remember having trouble with stock where you had to settle to avoid a criminal prosecution against you?"

*Coy W. Hendryx* and *M. L. Howell,* for appellant.

*Hammond & Hammond* and *Thomas J. Cavanaugh,* for appellee.

MOORE, J. The plaintiff sued defendant for malicious prosecution, and obtained a judgment. The case is brought here by a writ of error. There are a good many assignments of error, nearly all of which are not well taken. All of the other errors, if any were committed, except one, are not likely to occur again upon a new trial, and are not of sufficient general importance to require any further reference to them.

Complaint is very justly made of the latitude given the attorneys in the cross-examination of the defendant. Ordinarily, the cross-examination of a witness will be left to the discretion of the trial judge; but in this case the improper cross-examination was allowed to such an extent as to be clearly prejudicial. The case comes within the recent case of *People* v. *Gotshall,* 123 Mich. 474 (82 N. W. 274). It is said the *Gotshall Case* does not apply, because it is a criminal case, while the present case is a civil one. It is true, a civil case may be decided by a preponderance of evidence in favor of one having the affirmative of the issue, while in a criminal case the accused must be shown to be guilty beyond a reasonable doubt before he can be convicted. But we do not understand this requirement changes a rule of evidence, making what

would be inadmissible in the trial of a criminal case admissible in the trial of a civil case.

Judgment is reversed, and a new trial ordered.

HOOKER and LONG, JJ., concurred with MOORE, J. MONTGOMERY, C. J., did not sit.

GRANT, J. I concur in the reversal of this case upon the ground stated in my Brother MOORE's opinion. I am also of the opinion, after a careful reading of the record, that the court should have directed a verdict for the defendant. The defendant stated all the material facts of the case to a reputable attorney, Mr. Hendryx, who advised him that, under that statement, he was justified in instituting the prosecution. He then went to a justice of the peace with his son, who saw plaintiff at the barn about daylight, and the two there stated all the material facts. The justice called up the prosecuting attorney by telephone, and in the presence of the defendant told the prosecuting attorney the facts as defendant and his son had stated them. The prosecuting attorney thereupon advised the prosecution, and the complaint was made. Upon the motion of the prosecuting attorney, the plaintiff was discharged. The prosecuting attorney was a witness, and stated his reason for discontinuing the prosecution as follows:

"I investigated the case at length, and concluded that, inasmuch as the horse had been found, and the basket found, so that there was no loss to Gregory financially, and that the case resolved itself to a technical case of statutory burglary, and I thought it had better be dismissed, and I did so. I at that time told Gould that, in my judgment, there was a *prima facie* case against him, but that I felt that the prosecution probably would be as well dismissed; that he should be careful, and that this should be a lesson to him. I saw nothing, and heard nothing from Gregory, indicating any maliciousness or over-anxiety to prosecute."

I think this is a case where the advice of counsel forms a complete defense to an action for a malicious prosecution.