## GOODSPEED *v.* HILDEBRAND.

1. TRIAL—CONDUCT OF COUNSEL.
   An unjustifiable attack by counsel upon a witness on the cross-examination, *held* reversible error.

2. CONDITIONAL SALE—REPLEVIN—INSTRUCTIONS.
   Plaintiffs sold defendant a stock of goods under a contract retaining title until paid for, and providing that defendant should make daily reports of sales, turning over the cash received, the same, after payment of store expenses, to be credited on the purchase price; that debts should not be incurred nor credits extended without plaintiffs' consent; and that, on failure to comply with any provision of the contract, plaintiffs might repossess themselves of the stock. In replevin, plaintiffs relied on a violation of the provisions of the contract, as to which the evidence was conflicting. The court instructed the jury that if defendant was paying for the stock within a reasonable time, and was not otherwise in default, plaintiffs could not recover. *Held*, error, there being no question of reasonable time involved.

Error to Washtenaw; Kinne, J.   Submitted April 25, 1902.   (Docket No. 109.)   Decided September 17, 1902.

Replevin by Herschel Goodspeed and Delbert C. Goodspeed, copartners as Goodspeed & Son, against George Hildebrand.   From a judgment for defendant, plaintiffs bring error.   Reversed.

*A. J. Sawyer* (*Clark, Durfee & Allor*, of counsel), for appellants.

*J. W. Bennett, Arthur Brown,* and *M. J. Cavanaugh,* for appellee.

Grant, J. Plaintiffs brought replevin to recover a stock of goods for a violation of the following contract, dated July 21, 1898:

"The said George Hildebrand agrees to buy the tailoring stock and fixtures belonging to Goodspeed & Son, as per invoice, and on the following conditions: To pay down, as security for faithful performance of contract, three hundred dollars. To report each night amount of sales, and upon what terms were made, together with stock number of goods sold; and to turn over amount of cash received. Settlements to be made every week, and, after store expense is paid, the said Goodspeed & Son to place balance, if any, to credit of said George Hildebrand, to apply on purchase price of goods. No outside debts to be made on credit of store, and no credits given, without sanction of said Goodspeed & Son. Any failure in performance of this contract or agreement on the part of said George Hildebrand forfeits all rights and all payments made; and, furthermore, if said George Hildebrand fails to comply with all the conditions of this contract or agreement, the said Goodspeed & Son have the right to enter said store and repossess said property without process of law, and said George Hildebrand hereby waives any right of demand for said goods. The said stock of woolens, trimmings, fixtures, etc., to remain absolutely the property of Goodspeed & Son until paid for. Inventory of said stock and fixtures to be made every six months, and same reported to Goodspeed & Son; and the said Goodspeed & Son hereby have the privilege of checking and proving said inventory at their option. The said George Hildebrand is not to sell this contract or agreement without the written consent of said Goodspeed & Son."

We think the attack made by the defendant's counsel upon Delbert C. Goodspeed in his cross-examination, and the remarks made to him by one of the attorneys, were unjustifiable, and constitute reversible error, within *Gould* v. *Gregory,* 126 Mich. 594 (85 N. W. 1077); *Coan* v.

*Township of Brownstown*, 126 Mich. 626 (86 N. W. 130); *People* v. *Gotshall*, 123 Mich. 474 (82 N. W. 274); and many other decisions of this court. It is unnecessary to quote these questions. They are of the same character as those in the cases cited, and equally as prejudicial.

The court instructed the jury that, inasmuch as the contract did not provide any specific time for the full payment of the stock, a reasonable time was intended, and if they should find that the defendant was paying for such stock of goods within a reasonable time, and that that time had not arrived when the suit was brought, and defendant was not otherwise in default, they must find for the defendant. There was no question of reasonable time involved. No claim was made by the plaintiffs that defendant did not act within a reasonable time. They based their suit upon the violation of the provisions of the contract, upon which there was a sharp conflict of testimony. Were this the sole error in the case, we might hold that it was not prejudicial, but we decide the point in view of another trial.

Judgment reversed, and new trial ordered.

HOOKER, C. J., MOORE and MONTGOMERY, JJ., concurred.